JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant William A. Ritter ("appellant") appeals from the trial court's judgment entry adopting the magistrate's decision. The lower court dismissed the domestic violence case against appellee. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the trial court.
 I {¶ 2} Appellant filed a petition for domestic violence on October 29, 2002. Various domestic violence hearings were held in November and December 2002, and additional hearings were also held in January and February 2003. The hearings were held before a domestic relations magistrate. At the conclusion of appellant's case-in-chief, appellee's counsel moved for a dismissal. The magistrate indicated that on February 6, 2003 the motion would be granted. The magistrate then filed her decision on March 3, 2003 with findings of fact and conclusions of law. Appellant's counsel filed objections and on July 17, 2003, the trial court sustained the decision of the magistrate and the domestic violence case was dismissed. Appellant then filed his notice of appeal on July 30, 2003.
 {¶ 3} The parties were divorced on October 16, 2000. The parties had a shared parenting plan regarding their minor child, W.R.,[1] born May 15, 1998. The shared parenting plan provided that each party would be designated residential parent and legal custodian while the child was in his or her respective possession. On October 29, 2002, appellant filed a petition for domestic violence, seeking a temporary protection order for the minor child, W.R. On November 5, 2002, petitioner filed a motion to interview the child. The magistrate conducted an interview of the minor child on December 12, 2002, after which the magistrate concluded that the minor child was not competent to testify in the trial. The guardian ad litem ("GAL") for W.R., Becky Blair, recommended that the petition be dismissed. The magistrate concluded that the appellant had not met his burden of proving by a preponderance of the evidence that the appellee caused the injury to the child or in any way committed an act of domestic violence. The magistrate then dismissed the petitioner's request for a civil protection order ("CPO").
 II {¶ 4} Appellant's first assignment of error states: "The trial court erred and abused its discretion by granting the appellee's motion to dismiss appellant's petition for domestic violence."
 {¶ 5} Domestic violence is defined in part as the occurrence of one or more of the following acts against a family or household member: (a) attempting to cause or recklessly causing bodily injury; (b) placing another person by the threat of force in fear of imminent serious physical harm. R.C. 3113.31(A)(1).
 {¶ 6} In Felton v. Felton (1997), 79 Ohio St.3d 34, the Ohio Supreme Court held that: "When granting a protection order, the trial court must find that the petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence."Felton at paragraph two of the syllabus, citing R.C.3113.31(D). Felton thus clarified that a petitioner must meet a requisite standard of proof before a trial court may issue a CPO. Therefore, on appeal of the trial court's granting of a CPO, the question is whether the petitioner satisfied the burden, i.e., whether there is competent, credible evidence to support the trial court's issuance of a CPO. See 79 Ohio St.3d at 43
(analyzing the record for "competent, credible evidence" to support a finding of domestic violence). Felton has therefore defined the contours of a trial court's discretion when deciding whether or not to grant a domestic violence CPO under R.C.3113.31. This is essentially a manifest weight of the evidence review.
 {¶ 7} The weight given the evidence and the credibility of the witnesses are matters primarily for the trier of fact. Statev. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. We must presume that the findings of the trial court are correct because the trial court can view the witnesses and weigh the credibility of the proffered testimony. Seasons CoalCo. Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80. Indeed, it is the job of the trial court to resolve disputes of fact and weigh the credibility of the testimony and evidence. Bechtol v.Bechtol (1990), 49 Ohio St.3d 21, 23. We are mindful, therefore, of our responsibility to give deference to these factual findings of the trial court. C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279.
 {¶ 8} It is with the above standards in mind that we now review the case at bar. In the case sub judice, appellant's affidavit attached to his petition described multiple bruises, welts and a laceration.[2] However, upon cross-examination, appellant admitted that his affidavit was inaccurate, and that previous to his noticing the "injury," his child was with appellant's mother, not appellee.[3] In addition, appellant testified that he did not even read the affidavit prior to signing the document.[4]
 {¶ 9} Appellant stated that he had taken the child to the emergency room on October 21, 2002. The emergency room physician, John A. Tafuri, M.D., testified that there was some bruising to the posterior.[5] However, Dr. Tafuri testified later that there was only one bruise.[6] In addition, the doctor went on to testify that if there were welts on the child's buttocks, he would have written that in his report. The doctor did not document any welts in his notes.[7]
 {¶ 10} In addition to the doctor's testimony, the magistrate found the testimony of the minor child's GAL to be credible.[8] At the conclusion of the case, the GAL recommended that appellant's petition be dismissed.[9] The GAL was present for all but two hours of the proceedings, and she stated that the evidence before the court favors the appellee. The GAL stated the following: "* * * I believe that the evidence does not seem to suggest that Mrs. Ritter was in fact the one who perpetrated the acts, if in fact there was an act that was perpetrated against [W.R.]."
 {¶ 11} The trial court's actions were proper. The lower court had sufficient competent credible evidence to dismiss appellant's petition. We find that the trial court did not err or abuse its discretion by granting the appellee's motion to dismiss appellant's petition for domestic violence.
 {¶ 12} Appellant's assignment of error is overruled. The decision of the trial court is affirmed.
 Celebrezze, JR., P.J., and Rocco, J., concur.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Initials are used in the place of the child's full name to protect the identity of the minor child.
[2] See appellant's affidavit attached to his domestic violence petition which described the injuries as "multiple welts, bruises and a laceration on the buttocks of the child."
[3] Tr. 587, 591-594.
[4] Tr. 557.
[5] Tr. 286.
[6] Tr. 316.
[7] Tr. 316.
[8] See magistrate's decision, p. 12.
[9] Tr. 641.